Perry Peterson
Adobe Financial Corporation
Pro Per
6250 E. Lafayette Blvd.
Scottsdale, Az. 85251
Tel: (480 ) 221-0638
Fax (866) 653-1351
Email: adobefinan@aol.com

**COPY**

AUG 11 2014

MICHAEL K JEA... : 'I FBK
& PONICK
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PERRY PETERSON | No. CV2014-094405 |
| PLAINTIFF, | COMPLAINT |
| and | (Violation of Fair Credit Reporting Act, Violation of Fair Debt Collection Practices Act, Intentional Infliction of Emotional Distress, Defamation, and Injunctive Relief) |
| AMERICAN EXPRESS, TRANSUNION, EQUIFAX and EXPERIAN | |
| DEFENDANTS. | |

Plaintiff Perry Peterson, in pro per, for his Complaint against Defendants, states and alleges as follows:

1.      Plaintiff files this Complaint seeking a Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and Damages against Defendants.

2.      This is an action brought by a consumer for violations of the above named Acts in connection with the purported debt appearing on the Plaintiff's credit reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the Plaintiff seeks damages and, to the extent possible, injunctive and

1

declaratory relief.

3.      Plaintiff is entitled to relief enjoining Defendants AMERICAN EXPRESS, TRANSUNION, EQUIFAX and EXPERIAN and other conspirators, agents, servants and employees and those acting in actual concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt Collections Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), The Arizona Deceptive Trade Practices Act (A.R.S. § 44-1522 (hereafter "ADTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

4.      Jurisdiction of this court arises under A.R.S. § 12-120.21. Declaratory relief is available pursuant to A.R.S. § 41-1034.

5.      Venue is proper, because Plaintiff resides in Maricopa County and Defendants do business in Maricopa County.

6.      The Plaintiff is a natural person residing in Maricopa County, in Arizona.

7.      American Express is a financial services company authorized to do business in the State of Arizona and doing business in the Maricopa County.

8.      Transunion is a credit reporting bureau authorized to do business in the State of Arizona and doing business in the Maricopa County.

9.      Experian is a credit reporting bureau authorized to do business in the State of Arizona and doing business in the Maricopa County.

10.      Equifax is a credit reporting bureau authorized to do business in the State of Arizona and doing business in the Maricopa County.

11.   On November 19, 2013, in Maricopa Superior Court Case No. CV2011-099021, the Judge found in favor of Perry Peterson and ruled that Perry Peterson was not personally responsible or liable for the American Express debt on account # 3499911913289473.

12.   On December 27, 2013, the Plaintiff sent by U.S. Mail a request to Transunion, Experian and Equifax to correct Perry Peterson's credit report, along with the Court ruling and judgment in favor of Plaintiff that showed, beyond any doubt, that the Plaintiff was not personally responsible for the American Express debt on account # 3499911913289473 that was showing on Plaintiff's personal credit report.

13.   Soon thereafter, Plaintiff received letters from Transunion, Experian and Equifax stating "The credit grantor has verified the accuracy of the reported debt." Even though, included with the dispute letter was a copy of the Judge's ruling clearly showing the Plaintiff wasn't personally responsible.

14.   On June 27, 2014, Plaintiff resent the dispute letter along with the Court ruling and a copy of his credit report to American Express, Transunion, Experian and Equifax again requesting the account be removed from Plaintiff's personal credit report and that Plaintiff's credit profile be updated to reflect the change.

15.   Soon thereafter, Plaintiff received letters from Transunion, Experian and Equifax again stating the account had been verified with the creditor.

16.   No response was ever received from American Express, the purported creditor.

17.   Even though American Express, Transunion, Experian and Equifax were given the Court's ruling and thus had actual knowledge the debt they were reporting and

trying to collect was false, they still conspired to damage the Plaintiff's reputation for credit worthiness by reporting a trade line that was not accurate, even after multiple requests were made to correct the report.

18. American Express, being a party to the court case, and having filed it against the Plaintiff, had firsthand knowledge the debt reported on Plaintiff's credit report was false and continued to report it as personally owed, ignoring a Court order, intentionally inflicting emotional distress, embarrassment, defamation and financial injury.

## COUNT 1 – VIOLATION OF THE FAIR DEBT COLLECTION ACT

19. The allegations of paragraphs 1 through 18 of this Complaint are re-alleged and incorporated by reference.

20. As set forth above, Defendants have committed multiple violations of 15 U.S.C. § 1692e (2)(a) for the false representation of the character, amount, or legal status of any debt.

21. As set forth above, Defendants have violated 15 U.S.C. § 1692e (communicating information which is known to be false).

22. The foregoing violations of the Fair Debt Collection Practices Act are among the Defendants' standard procedures and practices towards consumers such as Plaintiff, for which the Defendants' are motivated by enhanced profits.

23. Plaintiff is entitled to an injunction requiring Defendants to correct his credit report, money damages and any other relief available under law.

## COUNT 2 – VIOLATION OF THE FAIR CREDIT REPORTING ACT

24. The allegations of paragraphs 1 through 23 of this Complaint are re-alleged and incorporated by reference.

25.    American Express, regularly and in the course of business, furnishes information to one or more consumer credit reporting agencies about their transactions and experiences with any customer.

26.    American Express, after the Court ruled the Plaintiff was not personally responsible for the debt showing on Plaintiff's personal credit report, neglected removing the liability and the transaction history from Plaintiff's personal credit report. This failure and neglect caused the Plaintiff undue hardship, financial injury, embarrassment and emotional distress.

27.    Transunion, Experian and Equifax failed to review all relevant information provided by the Plaintiff as required pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

28.    American Express, Transunion, Experian and Equifax, failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received.

29.    American Express, failed to report the results of the investigation findings to the consumer reporting agencies, as required by 15 U.S.C. § 1681s-2 (b)(1)(D).

30.    American Express, verified the disputed information was accurate and complete on multiple occasions, even though they were in possession of information which showed the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact this was done in response to multiple re-investigation requests from multiple credit reporting bureaus and the Plaintiff, is evidence of willful non-compliance on the part of American Express.

31.    Plaintiff is entitled to an injunction requiring Defendants to correct his credit

report, money damages and any other relief available under law.

## COUNT 3 – VIOLATIONS OF THE ARIZONA DECEPTIVE TRADE PRACTICES ACT

32.     The allegations of paragraphs 1 through 31 of this Complaint are re-alleged and incorporated by reference.

33.     The actions stated herein and carried out by the defendants were violations of the Arizona State and Federal Law, and are therefore unfair and/or deceptive trade practices by State statute A.R.S. § 44-1522.

34.     Unfair and/or deceptive trade practices are a violation of the Arizona Deceptive Trade Practices Act pursuant to A.R.S. § 44-1522.

35.     Plaintiff is entitled to an injunction requiring Defendants to correct his credit report, money damages and any other relief available under law.

## COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.     The allegations of paragraphs 1 through 35 of this Complaint are re-alleged and incorporated by reference.

37.     The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intend to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.  Defendants' actions were outrageous, unreasonable, wilful and wanton.

38.     The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and inability to understand

the legal issues and other factors involved, and therefore acted with unconscionable intent.

39.     Plaintiff is entitled to an injunction requiring Defendants to correct his credit report, money damages and any other relief available under law.

## COUNT 5 – DEFAMATION

40.     The allegations of paragraphs 1 through 39 of this Complaint are re-alleged and incorporated by reference.

41.     Defendants conspired to defame Plaintiff by knowingly reporting false and defamatory information. Defendants knew the information was false, acted in a reckless disregard for the Plaintiff's reputation and acted negligently in failing to ascertain the facts. By publishing this false information it caused an impeachment of the Plaintiff's honesty, integrity, and reputation, both personally and professionally.

42.     Plaintiff is entitled to an injunction requiring Defendants to correct his credit report, money damages and any other relief available under law.

## COUNT 6 – FINANCIAL INJURY

43.     The allegations of paragraphs 1 through 42 of this Complaint are re-alleged and incorporated by reference.

44.     The Defendants, by knowingly misreporting the tradeline, caused the Plaintiff financial injury by artificially decreasing Plaintiff's credit score and thereby increasing the Plaintiff's cost to borrow funds and limiting his ability to obtain new credit. Plaintiff was also injured by increased insurance costs, decreased credit limits, time lost in writing explanation letters to creditors, regulators, banks, and regulatory agencies for professional licensing.

45.     Plaintiff is entitled to an injunction requiring Defendants to correct his credit

report, money damages and any other relief available under law.

## COUNT 7 – WILLFUL, and MALICIOUS INJURY

46.    The allegations of paragraphs 1 through 45 of this Complaint are re-alleged and incorporated by reference.

47.    Defendants, by knowingly misreporting false information on Plaintiff's personal credit report and knowing the specific consequences of this conduct, acted in gross negligence and reckless indifference to the harm caused to Plaintiff.

48.    Plaintiff is entitled to an injunction requiring Defendants to correct his credit report, money damages and any other relief available under law.

## COUNT 8 – WILLFUL NON-COMPLIANCE

49.    The allegations of paragraphs 1 through 48 of this Complaint are re-alleged and incorporated by reference.

50.    The Defendants by their intentional disregard or plain indifference to the documentation provided them by Plaintiff, acted in Willful non-compliance to the FCRA and ADTPA.

51.    Plaintiff is entitled to an injunction requiring Defendants to correct his credit report, money damages and any other relief available under law,   including punitive damages.

52.    Plaintiff demands trial by jury on all causes of action and claims herein.

WHEREFORE, the Plaintiff respectfully requests and prays for relief as follows:

(A)    For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collections Practices Act and the

Arizona Deceptive Trade Practices Act.

(B)    For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1.    Reporting the above named account on Plaintiff's personal credit report.

2.    Attempting in any way to impugn the Plaintiff's reputation as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(C)    For an order awarding statutory damages in the following amounts:

1.    Against American Express, for violations of the Fair Debt Collections Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4000; for violation of the Arizona Deceptive Trade Practices Act, in the amount of $1,000.

2.    Against Transunion, for violations of the Fair Debt Collections Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violation of the Arizona Deceptive Trade Practices Act, in the amount of $1,000.

3.    Against Experian, for violations of the Fair Debt Collections Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4000; for violation of the Arizona Deceptive Trade Practices Act, in the amount of $1,000.

4.    Against Equifax, for violations of the Fair Debt Collections Act, in the amount of $1,000; for violations of the Fair Credit Reporting

1    Act, in the amount of $4000; for violation of the Arizona Deceptive

2    Trade Practices Act, in the amount of $1,000.

3    (D)    For an order awarding punitive damages as follows:

4        1.    Against American Express, in the amount of $250,000.

5        2.    Against Transunion, in the amount of $100,000.

6
         3.    Against Experian, in the amount of $100,000.
7
         4.    Against Equifax, in the amount of $100,000.
8

9    (E)    For such other and further relief as the Court deems just and proper under

10   the circumstances.

11   RESPECTFULLY SUBMITTED this 11th day of August, 2014.

12

13                                By: _____

14                                    Perry D. Peterson
                                     Plaintiff, Pro Per
15                                    6250 E. Lafayette Blvd.
                                     Scottsdale, Az. 85251
16

17

18

19   COPY plus one copy of the foregoing mailed by regular mail
     this 12th day of August, 2014 to:
20

21   AMERICAN EXPRESS
     P.O. Box 297871
22   Fort Lauderdale, Fla. 33329

23   TRANSUNION
     P.O.Box 1000
24   Chester, Pa. 19022

25   EXPERIAN
     P.O. Box 2002
26

1   Allen, Tx. 75013

2   EQUIFAX
    P.O. Box 740241
3   Atlanta, Ga. 30374

4

5   By

6   Perry L. Peterson,
    Defendant, Pro Per
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 11 -