IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry Peterson,<br><br>                    Plaintiff,<br><br>v.<br><br>American Express, et al.,<br><br>                    Defendants. | No. CV-14-02056-PHX-GMS<br><br>**ORDER** |

    Before the Court is Plaintiff's Motion to Remand. (Doc. 11) Also before the Court is Defendant TransUnion, L.L.C's Motion to Dismiss for Insufficient Service of Process. (Doc. 12.)

### BACKGROUND

    On August 11, 2014, Plaintiff filed a lawsuit in the Maricopa County Superior Court. The state court complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*, and names American Express, TransUnion L.L.C., Equifax Information Services, and Experian Information Solutions, Inc. as defendants. American Express was dismissed as a Defendant shortly thereafter. (Doc. 19, Ex. A.) On September 16, 2014, Experian filed a Notice of Removal pursuant to 28 U.S.C. § 1441. (Doc. 1.) On the same day, Equifax filed its Joinder and Consent to Removal. (Doc. 2.)

    TransUnion did not join in removal, and has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. 12.) TransUnion received Plaintiff's summons and a copy of the Complaint by certified mail

at its Consumer Dispute Center—the corporate address listed on Plaintiff's credit report—which it alleges falls short of the requirements for service under the Federal or Arizona Rules of Civil Procedure. (*See id.*) Experian contends that because service to TransUnion's Consumer Dispute Center was improper, it did not need to obtain TransUnion's consent to remove this case to federal court.

## ANALYSIS

When a civil action in which federal question jurisdiction lies is removed from state court under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(2)(A). Under Federal Rule of Civil Procedure 4, a corporation must be served by delivering a copy of the Summons and Complaint to an officer, partner, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). The Rules also authorize a plaintiff to utilize the service of process rules that apply in the state in which the federal district court is located. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). In the case of domestic corporations, the Arizona Rule governing service of process tracks the federal analogue. *See* Ariz. R. Civ. P. 4.1(i). Thus, both the federal and state service of process rules require personal service on someone at the corporation; service by mail to a general corporate address is not permitted.

Plaintiff concedes that he attempted to effectuate service on TransUnion by mailing the pleading papers to TransUnion at the address given to him by the reporting bureau that produced his credit report, a corporate address in Pennsylvania. (Doc. 15 at 1; Doc. 12 at 24–25.) There is no evidence that the Summons and Complaint were delivered to a proper recipient of service of process on behalf of the company. The employees at TransUnion's Customer Dispute Center are not authorized agents of Trans Union. (Doc. 12 at 4.) Plaintiff has failed to satisfy either the federal or Arizona requirements listed above as to TransUnion. It follows, then, that TransUnion was not a necessary party to remove this action to federal court. *See* § 1446(2)(A). Finding no other improprieties in Experian's Notice of Removal, Plaintiff's Motion to Remand is denied.

Nevertheless, Plaintiff's deficiencies in serving TransUnion do not necessarily mandate dismissing the case against TransUnion under Federal Rule of Civil Procedure 12(b)(5). Insufficient service of process may result in either dismissal or the quashing of service, at the discretion of the district court. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Where there is a reasonable prospect that service may yet be obtained, dismissal of a complaint is inappropriate. *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, No. CV-05-03469-PHX-SMM, 2006 WL 1722314, at *7 (D. Ariz. June 22, 2006) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). A plaintiff has 120 days within which to perfect service of process, although Rule 4(m) also contemplates the possibility of an extension of this requirement on a showing of good cause. Fed. R. Civ. P. 4(m); *see also De Tie v. Orange Cnty.*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998) (holding that if no good cause is shown, Rule 4(m) permits, but does not require, the district court to extend the time for service). The Ninth Circuit has not addressed what factors a court should consider when deciding to exercise its discretion under Rule 4(m), only noted that the scope of this discretion is broad. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Here, the Complaint was originally filed on August 11, 2014. Defendant TransUnion filed a Motion to Dismiss on insufficient service of process grounds on October 10, 2014—well within the period of time Plaintiff had to properly serve TransUnion. Further, it appears that effective service could easily be accomplished. As Defendant TransUnion has indicated, it maintains a local agent for service of process purposes (Doc. 12 at 4), and Plaintiff has diligently attempted to obtain a waiver of service from TransUnion under Rule 4 in the interim time. (Doc. 15 at 1.) Moreover, there has been no allegation of unfair prejudice to TransUnion from the slight delay—the 120 day period expired during the pendency of the instant motions. Particularly in light of Plaintiff's *pro se* status, *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (finding pro se status of a litigant relevant to the decision to exercise discretion, quashing service rather than dismissing the action is the appropriate course.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant TransUnion's Motion to Dismiss (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must serve a new copy of the Summons and Complaint on TransUnion, or file an appropriate waiver with the Clerk of the Court, **within thirty (30) days** of the date of this Order or this action will be terminated with prejudice as to Defendant TransUnion.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate Defendant TransUnion, without further notice, if Plaintiff fails to comply with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court dismiss with prejudice Defendant American Express from this action pursuant to voluntary dismissal (Doc. 19-1).

Dated this 15th day of December, 2014.

/s/ G. Murray Snow
G. Murray Snow
United States District Judge