Perry Peterson
**Plaintiff, Pro Per**
6250 E. Lafayette Blvd.
Scottsdale, Az. 85251
Tel: (480) 221-0638
Fax (866) 653-1351
Email: adobefinan@aol.com

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

        AUG 31 2015

CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

IN U.S. DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PERRY PETERSON | No. 2:14-cv-02056-GMS |
| PLAINTIFF, | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| and | |
| AMERICAN EXPRESS et al | **(Honorable G. Murray Snow)** |
| DEFENDANTS. | |

   Plaintiff, PERRY PETERSON (hereinafter "Plaintiff"), pursuant to Rule 56 of the Federal Rule of Civil Procedure, Files this Motion for Partial Summary Judgment as to the liability against Defendants, Experian, Equifax and Trans Union. In support of this motion, Plaintiff submits evidence of the facts in the light most favorable to the non-moving party, Defendants, Experian, Equifax and Trans Union. The evidence is composed of documents received from a subpoena of American Express by Defendants, along with various other documentary evidence that has been produced throughout the course of discovery. The matters of record affirmatively establish that there is no genuine issue of material fact, and that Plaintiff is entitled to a partial

summary judgment as a matter of law. The substantial matters of law and facts to be argued as follows:

## MATERIAL FACTS

1. Defendants are each credit reporting agencies. Defined by 15 U.S.C.§ 1681a(f).

2. Credit reporting agencies are mandated by Congress, to abide by the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. [hereafter "FCRA"]).

3. Credit Reporting Agencies are obligated to forward notification of a credit dispute to the creditor along with "all relevant information regarding the dispute that the agency has received from the consumer." 15 U.S.C. § 1681i(a)(2)

4. This matter arises from the fact that the Plaintiff, on multiple occasions, requested the Defendants, Experian, Equifax and Trans Union, correct a credit reporting error regarding an American Express account on Plaintiff's credit report (See Exhibit #1 and #3).

5. Plaintiff mailed each Defendant a letter requesting removal of the American Express account from Plaintiff's credit report in August of 2013 along with an Arbitration Ruling in Plaintiff's favor, against American Express (See Exhibit #1).

6. Defendants Equifax and Trans Union did not forward the letter and documents they received in August 2013 to the creditor American Express. American Express has no record of receipt of the documents per the Defendant's subpoena (See Exhibit #2), and Defendants offer no evidence to the contrary.

7. Plaintiff mailed Defendants a letter along with a Judgment Award, in Plaintiff's

favor, against American Express in June of 2014. (See Exhibit #3).

**8.** Defendant Experian did not forward the letter and Judgment Award that Plaintiff mailed to them in June 2014, to the creditor American Express. American Express has no record of receipt (per Subpoena Exhibit #2), and Defendant offered no evidence to the contrary.

## MATTERS OF LAW

In 1970, the Fair Credit Reporting Act, 15 U.S.C. §1681, el seq. ("FCRA") was enacted to ensure fair and accurate credit reporting. The FCRA requires companies that report consumer's credit information, referred to as consumer reporting agency (hereafter "CRA"), to "adopt reasonable procedures for meeting the needs of commerce" which are "fair and equitable to the consumer." 15 U.S.C.§ 1681(b). Furthermore, the CRA's have a statutory obligation (1) to use "reasonable procedures to assure maximum possible accuracy of the information" in its credit report under 15 U.S.C. § 1681e(b); and (2) to "conduct a reasonable reinvestigation to determine whether the disputed information is accurate and record the current status of the disputed information, or delete the item from the file" when information is challenged by a consumer under 15 U.S.C. § 1681i(a)(1)(A). CRA's are further obligated under 15 U.S.C. § 1681i(a)(2) to forward to the creditor and include "all relevant information regarding the dispute that the agency has received from the consumer."

## CONCLUSION

Given the fact that Defendant Experian failed to forward to the creditor American Express, the letter and Judgment Award sent by Plaintiff in June 2014 and admittedly received by Defendant, Experian directly violated their duties under 15 U.S.C. § 1681i(a)(2). Therefore, the Plaintiff is entitled to a Partial Summary Judgment as a matter of law.

Given the fact that Defendants Equifax and Trans Union failed to forward to the creditor American Express, the letter and Arbitration Award sent by Plaintiff in August 2013, and admittedly received by Defendants Equifax and Trans Union, Defendants directly violated their duties under 15 U.S.C. § 1681i(a)(2). Therefore, the Plaintiff is entitled to a Partial Summary Judgment as a matter of law.

Plaintiff will prove damages and other claims stated in his complaint at trial.


RESPECTFULLY SUBMITTED this 31st day of August, 2015.

By: _____
Perry L Peterson
Plaintiff, Pro Per
6250 E. Lafayette Blvd.
Scottsdale, Az. 85251

**CERTIFICATE OF SERVICE**

A true and correct copy emailed to those noted below on this 31st day of August, 2015 to:

Jonathan A. Dessaules
Dessaules Law Group
5353 N. 16th St, Ste. 110
Phoenix, Az. 85016
Telephone: (602) 274-5400
Facsimile: (602) 274-5401
jdessaules@dessauleslaw.com
Attorney for Experian Information Solutions, Inc.


Alexandra N. Fries, SBN 292651
Jones Day
3161 Michelson Drive Ste.#800
Irvine, Ca. 92612
Telephone: (949) 553-7520
Facsimile: (949) 553-7539
afries@jonesday.com
Attorney for Experian Information Solutions, Inc.


Jacob C. Jones
Snell & Wilmer LLP
1 Arizona Center
400 E. Van Buren
Phoenix, AZ 85004
Telephone: (602) 382-6444
Facsimile: (602)382-6070
jcjones@swlaw.com
Attorney for Equifax Information Services, LLC.


Michelle Cohen Egan
King & Spalding LLP
1180 Peachtree St. NE

Atlanta, Ga. 30309-3521
Telephone: (404)72-2796
MCEgan@KSLaw.com
Attorney for Equifax Information Services, LLC.

Philip R. Wooten, PC
3413 E. Equestrian Trail
Phoenix, AZ 85044-3403
Telephone: (480) 598-4330
Facsimile: (480) 598-4331
Email: philip.wooten@azbar.org
Attorney for Trans Union, LLC.

Kelly Hensley
Strasburger Attorneys at Law
2801 Network Blvd. Ste. 600
Frisco, Tex. 75034
Telephone: (469) 287-3925
Email: Kelly.Hensley@Strasburger.com
Attorney for Trans Union, LLC

By _____
Perry L. Peterson,
Plaintiff, Pro Per